## CONTEMPT IN INTERFERING WITH A RECEIVERSHIP.

Common Pleas Court of Franklin County.

NEWTON J. CATROW v. THE COLUMBUS, DELAWARE & MARION
RAILWAY COMPANY.

Decided, July 31, 1911.

*Proceedings in Contempt—Separate Action in the Name of the State
not Necessary—Contempt in Securing the Appointment of a Re-
ceiver of Property Already in the Hands of a Receiver Appointed by
a Court of Concurrent Jurisdiction—Jurisdiction as Between Two
Courts Where the Same Subject-Matter is Involved in Both Pro-
ceedings.*

1. In a proceeding to punish as for contempt in violating an order of
injunction, it is not necessary to institute a new action in the
name of the state, but proceedings in contempt may be had in the
same case in which the order of injunction was issued.

2. A finding of guilty of contempt can not be based upon a mere inten-
tion or purpose to violate an order of the court, but it must appear
that something has been done by the accused toward effectuating or
carrying out the purpose so formed.

3. But where property has been under the control of a court of com-
petent jurisdiction for two years, and one who served as receiver
during a part of that time and was discharged, thereafter secures
his reappointment as receiver of the same property at the hands
of a court of concurrent jurisdiction but without power to review,
the interference with the management of the trust which is thus
brought about constitutes a flagrant contempt, and a finding to
that effect may be made against all who actively participated with
knowledge of the facts in securing such reappointment without
waiting until there has been physical interference with the court
in its possession of the property.

4. No court of concurrent jurisdiction only has authority to seize prop-
erty over which another court has obtained jurisdiction and which
it is administering upon through a receiver; and persons who at-
tempt to thus wrest from the court control of the property place
themselves in direct contempt of its authority.

*Pugh & Pugh* and *Smith W. Bennett,* for complainant.
*Harry F. West,* for the receiver,

*J. T. Holmes, A. T. Seymour* and *Simeon Nash,* for Judge Williams.

*N. M. Wolf,* for George Whysall.

BIGGER, J.

Heard on the demurrer of C. C. Williams to charges of contempt filed against him by Eli M. West, receiver of the C., D. & M. Railway Company.

The first objection made is that the charges are insufficient in form, for the reason that the proceeding is entitled in the pending case and is not brought in the name of the state of Ohio. In the light of the decision of the Circuit Court of Cuyahoga County in the case of *Ray et al* v. *Broadway & Newburg Street Railway Co.,* 10 C.C.(N.S.), 577, which was on error affirmed by the Supreme Court, the question must be regarded as settled in this jurisdiction.

The proceeding in that case was entitled of the pending case, and Judge Hale, in the opinion in that case, says:

"The real merits of this contention are whether the proceedings provided by statute for the enforcement of an order of injunction, is a proceeding in the case in which the order was made over which the court continues to hold and have control to enforce that order in the manner pointed out by the statute, or whether it can only be done by an independent action.

"We hold that the former is the true rule, and that there was no error in this proceeding."

That being the real question at issue in that case, the judgment of the circuit court upholding the finding of the common pleas court adjudging the defendants to be in contempt was affirmed by the Supreme Court.

But it is claimed that the charges are insufficient in this case. and do not charge an act or acts of contempt against the said C. C. Williams; and, first, because it is not charged that there has been any disturbance of the receiver in his possession of the property under the orders of this court. It is said that one can not be held in contempt for a mere sentiment, intention or purpose. I concur in that view; and, if these charges contained nothing further against the defendant than a charge that he

has formed a purpose or intention, he can not be held in contempt. The intention must be effectuated by some action before it can be treated as contemptuous. The charge is in substance that the said defendant, Williams, with full knowledge of the fact that this court had appointed a receiver of the property of the defendant company who had taken possession of it and was, at the time, in possession of the road and operating it, appeared before the Common Pleas Court of Marion County and moved that court for the appointment of defendant Whysall, as receiver of the road, which motion the court sustained and appointed Whysall as receiver of the same property which has been and now is in the possession of this court through its receiver, West. It is further stated that at the time of the appointment of a receiver by this court there was upon the dockets of the Common Pleas Court of Marion County a case entitled *"Newton J. Catrow v. The Columbus, Delaware & Marion Railway Company,"* but that this was a false fictitious record for the reason that neither at that time nor since has any action been commenced by Newton J. Catrow in the Marion County Common Pleas Court.

Of course, upon this demurrer the matters stated in the complaint are admitted to be true for the purpose of the demurrer. Do the acts charged against the defendant constitute such an interference with the receiver of this court in his possession and management of this property as to amount to a contempt of court, or must there be something done by the receiver appointed by the Marion county court to disturb the receiver of this court in his physical control of the property committed to him, or dispossess him of it?

It is charged in the complaint that Whysall has in fact qualified as such receiver by taking the oath and giving bond, and, further, that he is threatening and does threaten to seize and operate the road. Here, then, we have a situation, as the result of the acts of the defendant and those who are charged with conspiring with him, where there are two qualified receivers appointed by two courts of concurrent jurisdiction, each claiming the right to the possession of the property, which has for

almost two years been in the possession of and operated under the orders of this court. Certainly such a situation can not fail to embarrass and interfere with the receiver of this court in his control and management of this road. His right to act as receiver under the appointment of this court is boldly challenged by this appointment by another court having the same jurisdiction; the validity of every act of the receiver of this court is called in question, and his right to make and enforce contracts and agreements under the orders of this court and necessary to the conduct and management of the property committed to his charge is involved in doubt and confusion. It seems clear that the situation created by this appointment by another court of concurrent jurisdiction of another receiver for the same property can not fail to result in embarrassment and obstruction of the receiver of this court. The defendant did not stop with the mere formation of a purpose to embarrass the receiver of this court, but his acts have created a situation which must inevitably result in embarrassment and obstruction of the receiver appointed by this court.

The injunction forbade these parties to do anything which would embarrass the receiver of this court in the administration of his receivership, and it is charged that the defendant took the action charged against him with full knowledge of all the facts, and he is responsible for the inevitable consequences of his acts. It is not necessary that the acts of the defendant should have resulted in depriving the receiver of his possession, or that there should have been some physical disturbance of that possession. It is enough if its inevitable tendency is to embarrass and impede the receiver in the administration of his trust.

It is a familiar rule of law that courts of chancery will not permit any interference with receivers appointed by them and that it is a contempt of court to bring an action against a receiver in such court without first obtaining leave of the court to do so. Yet the mere bringing of the action does not disturb the physical possession of the receiver, but it does embarrass and interfere with him in the administration of his trust, and

is therefore not permitted without first obtaining leave of the court which appointed him.

In the case of *Spinning & Brown* v. *The Ohio Life Insurance Company et al*, 2 Disney, Judge Storer announces the rule to be that a receiver is an officer of the court and his possession is that of the court, and that any attempt to interfere with or ob- struct the possession of the officer, directly, questions the power of the court to appoint him as well as the right of the court to the custody of the property; and such acts subject the dis- turber to attachment and punishment for contempt.

He further decided that a suit is never permitted against a receiver where a judgment would affect the custody of the property sequestered, nor can a creditor litigate his claim by action against the receiver. Every such action can be deter- mined by the court through an intervention in the pending litigation.

I believe this states the true rule on the subject. The acts of the defendant directly questioned that right and power of this court to appoint West as receiver, and questions and denies its right to the custody of this property and interferes with and embarrasses the receiver in the administration of his trust. It is a well known law of physics that two bodies can not occupy the same space at the same time, and it is no less fundamental and axiomatic that two courts of independent concurrent ju- risdiction can not both be in possession of the same property at the same time. Either the Marion county court is entitled to its possession or this court is entitled to it; and under any sys- tem of jurisprudence which provides for courts of concurrent jurisdiction we might reasonably expect to find some established and orderly rule which would prevent such unseemly conflicts as this between them, and upon that question I will have some- thing to say later.

What conceivable act can be more contemptuous of the power and authority of this court than to invoke the aid of another court of concurrent jurisdiction, but without any power of re- view or supervision of the orders and judgments of this court, to seize the property which is already in the possession of this

court and to appoint a man to have charge of it as receiver who has already been removed from such position by this court? Certainly this court has power to determine the question of its own jurisdiction over this property, and when it has determined it, then it can not recognize any power or authority anywhere to override its decision except that resident in the courts of this state which have supervisory control over the orders and judgments of this court; and if this court should for one moment tolerate such interference with its authority, it would deserve the contempt which the acts here charged exhibit. This court can not and will not undertake to pass upon the right and power of the Marion county court to adjudicate upon the rights of the parties to this action in any action which may be pending in that court, but it has the right and it is its duty to pass upon questions which affect its own jurisdiction and right to proceed to hear and adjudicate upon the rights of the parties in the case pending before it; and when it has determined the question of its own jurisdiction—and it appears from the averments of this complaint that it has determined that—then it can not and will not permit any individual or individuals or any court of concurrent jurisdiction, but without supervisory control over its orders and judgments, to interfere with its control over property in its possession; and any act by any individual or individuals with knowledge of the facts, whether under color of authority from a court of concurrent jurisdiction or not, which attacks the right of this court to the possession of the property is contemptuous of the authority of this court. Such conduct is nothing more or less than legal guerilla warfare and a disgrace to the orderly administration of justice. Such unseemly conflicts can not fail to have a tendency to bring the whole administration of law into contempt, and it is the duty of every court when such attacks are made to assert its dignity and authority by every power at its command; and it need not wait until its receiver is imprisoned for contempt of the orders of another court of concurrent jurisdiction, or there has been some physical and forcible interference with his possession, when legal steps for the purpose of dispossessing this court

of its possession of the property are taken. These constitute a direct contempt of the authority and power of this court.

The Supreme Court of Illinois decided, in the case of *Richards* v. *The People,* that "the possession of a receiver is the possession of the court itself, and any interference therewith, whether by forcible taking possession of the property committed to his charge or by legal proceedings for that purpose without the sanction of the court, is a direct and flagrant contempt."

That is exactly what the defendant did, as charged, by asking the Marion county court to appoint a receiver for this property and securing the appointment and qualification of a receiver in that court; and that receiver now threatening to seize the property in the hands of this court and claiming to have the legal right to do so by virtue of his appointment, the defendant who took part in securing that appointment must be held to have committed an act of contempt against the authority of this court.

It furthermore appears from the averments of this complaint that the defendant had acted as an attorney for the receiver of this court, and that the firm of which he is a member had received $2,000 in fees for services rendered to the receiver. While this is not an essential element of the offense charged, it is certainly an aggravation of the offense. Every consideration of good faith and fair dealing to the court required that as an officer of this court he should continue to recognize its jurisdiction and authority. I make no comment upon the question of professional ethics involved in such an attack upon his former client, which was presented in argument by counsel.

But it is further objected that the averments contained in the charge show that at the time of the appointment of the receiver in this court a false and fictitious record of a case entitled "*Newton J. Catrow* v. *The Columbus, Delaware & Marion Railway Company,*" appeared upon the records of the Common Pleas Court of Marion County. It is argued that this record imports absolute verity and can not be thus attacked collaterally. It is not the purpose of this court, and it is of course beyond its power, to adjudicate upon the question of the jurisdiction of that court in so far as its right to proceed and adjudicate be-

tween parties to any action which may appear upon the records of that court is concerned. This court has not, and certainly will not, undertake to in any way interfere with that court in the exercise of its jurisdiction to judgment in any case on its dockets; but this court must and will resist any attempt of that court, or any other court of concurrent jurisdiction, but without supervisory control, to interfere with its custody and control of the property which has been in the exclusive custody of this court for almost two years. This court will not attempt to interfere with that court in the exercise of its jurisdiction to adjudicate between the parties, but will and must resist any attempt to take away the jurisdiction of this court which it has acquired over the property. If, as stated in this complaint, the plaintiff never brought any action in that court, then it never had jurisdiction over him to adjudicate upon his rights, and any judgment which it might render under such circumstances would be a nullity; but this court has nothing to do with that; that may be left to the plaintiff to settle in his own way; but this court must determine its own jurisdiction and right to proceed in this case. If the plaintiff had disclosed in his petition in this court that there was another action pending between himself and the defendant in the Marion county court, then his petition would be subject to demurrer, but this right, as Judge Bates says, "slumbers in the theory without ever being called up in practice unless the plaintiff may wish to break his own neck by averring it in his petition." If it does not appear in the petition, then the objection must be taken by answer, and this leads to an inquiry as to the underlying principle of such an objection to the maintenance of an action when another action is pending between the parties in another court upon the same subject-matter. Clearly it is upon the principle that the court which first obtains jurisdiction of an action will retain it to the end, and other courts refuse to proceed, not because of any want of jurisdiction or power to hear and determine, but to prevent vexatious litigation. A party should not be permitted to vex and harass his adversary by compelling him to defend in two courts of competent jurisdiction at the same time;

and when it clearly appears from the petition or by proof upon issue joined that another action is pending in another court of competent jurisdiction between the same parties upon the same subject-matter, the action will be dismissed; but if issue be joined upon the question of the pendency of another action in another court, how is the controversy to be determined? If the plaintiff pleads that he never authorized any action in any other court, must the court turn him out and assess the costs against him, upon the theory that the record in the other court imports absolute verity? It seems to me that this view of the case results from a misconception of the scope of the doctrine. It is only when it is admitted or clearly appears from the proof that there is another action pending in another court between the same parties upon the same subject-matter, that the court will dismiss the action and remit the plaintiff to his remedy in that court. But it would be a gross injustice to a plaintiff, when he states and proves that he never authorized another suit to be brought, to penalize him for the wrong-doing of others. Such a course might and often would defeat his claim entirely. as it might, if this were permitted, be barred by the statute of limitations while that question is being fought out in the other court.

The only safe course for a court to pursue in a case where this issue is raised, so as to preserve the rights of the plaintiff, is to proceed to adjudicate, unless it clearly appears that there is another action pending in another court, and the court has a right upon evidence to determine that question for itself. This was decided by the Supreme Court of Minnesota in the case of *Wolf* v. *Great Northern Railway Company,* 72 Minnesota, 435. It was decided in that case that the plaintiff had a right to ignore the unauthorized suit and proceed in his case to judgment, and without going into the other court to have the fictitious suit dismissed, and that the court had a right to determine that question for itself.

Of course that determination will not in any way affect the jurisdiction of the other court or interfere with it in any way or affect the validity of its judgment, but it is necessary only

for the purpose of determining the right and duty of this court to proceed in the case to adjudicate between the parties.

Two courts of concurrent jurisdiction can both proceed at the same time and adjudicate between the same parties upon the same subject-matter without in any way interfering with each other, but two courts can not at the same time take possession of and hold the same property without interfering with each other.

But whether there is or is not a *bona fide* action pending in the Marion county court between these parties is not, in my view of the matter, a consideration of controlling importance upon the question raised here. The plaintiff states that on the 3d day of August, 1909, the Marion county court had, in the fictitious suit appearing on its docket, appointed Whysall as receiver, and that on the 7th day of August the order of that court appointing Whysall was vacated and set aside and Whysall ordered to report and account to this court. That action of that court certainly recognized the right of this court to appoint a receiver for the property, and it has no right under the rule of comity existing between courts of concurrent jurisdiction to now undertake by any order to obstruct or interfere with the possession of this court over the property.

The law upon this subject seems to be well settled by a long line of decisions, and that rule is so well stated by Judge Hammond of the federal court, in the case of *Logan* v. *Greenlaw*, in 12 Federal Reporter, 10, that I quote his language:

"Wherever a court, by mesne or final process, or without any process even, has in its possession property which it is proceeding to dispose of according to its practice, another court, except one of superior jurisdiction, will not by its process or otherwise undertake to dispossess the first court or its officers. But this doctrine does not apply to oust the jurisdiction of all other courts to determine the same controversy so far as they may rightfully do so, but only to protect and give possession to the first court and its officers from disturbance.

"Whenever the litigation is ended, or the possession of the court or officer is discharged, other courts are at liberty to proceed, according to the rights of the parties, whether these rights require them to take possession of the property or not."

In High on Receivers, it is said, at Section 143:

"Courts of equity will not permit any unauthorized interference with the possession of their receivers to be justified upon the ground that the appointment was ill-advised or illegal, and that the parties interfering were, therefore, not bound to regard it."

The Supreme Court of Kansas decided, in the case of *The Missouri Pacific Railway Company* v. *Love,* 61 Kansas, 433, that—

"As a general rule, a court which has first acquired the custody and control of property and assets by the appointment of a receiver will retain such control until the end of the litigation to the exclusion of interference by other courts of concurrent jurisdiction.

"Property and assets so brought within the control of a court of competent jurisdiction are *in custodia legis,* and not subject to seizure by attachment or garnishment process by other courts.

"A seizure of, or unauthorized interference with, assets in the custody of a receiver can not be justified on the ground that the appointment is irregular or invalid, and parties desiring to raise questions of invalidity or irregularity in the appointment should present the same to the court appointing the receiver."

In the case of *Metzner* v. *Graham,* 57 Missouri, 405, it was held that—

"In a case of a conflict of two co-ordinate courts, as to the jurisdiction over property, it is the universal rule, that the tribunal in which jurisdiction first attaches by the seizure and custody thereof under its process, must prevail."

In *Buck* v. *Colbath,* 3 Wall., it was said:

"That principle is, that whenever property has been seized by an officer of the court by virtue of its process, the property is to be considered as in the custody of the court and under its legal control for the time being and that no other court has a right to interfere with that possession unless it be some other court which may have a direct supervisory control over the court whose process has first taken possession or some superior jurisdiction in the premises."

Mr. Justice Matthews said, in *Covell* v. *Heyman,* 111 U. S., at page 182:

"The forebearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord;" but the Justice points out that between state courts and those of the United States, it is something more.

In the case of *Miers et al* v. *Turnpike Company,* 11 Ohio, cited by Judge Storer in the case of *Spinning & Brown* v. *O. L. I. & T. Company,* the plaintiff commenced his action in equity in the Fairfield county court to subject assets of the turnpike company to the payment of a judgment. Subsequent to the bringing of his action another creditor filed his bill in the Muskingum county court and asked for the appointment of a receiver to collect the tolls, and a receiver was appointed by the Muskingum county court. The bill of the plaintiff in the Fairfield county case, in so far as it sought to sequester the tolls in that court to be applied to the payment of his judgment, was dismissed on the ground that the Muskingum county court, having appointed a receiver who was in possession, had priority of right, although the bill in the Fairfield county court was first filed. Judge Lane, in the opinion, said:

"It is then necessary to look to the question of priority, and determine by what it is acquired. This bill was filed first; but the decree rendered, and the receiver first appointed in the other. We think that he whom the law first authorizes to receive the tolls should be protected in his possession, and we find the statute operates to confer this power by the decree (40 Ohio L., 37), In the present race between creditors, whose equities are equal, this first authority to receive, seems to us to confer the priority to the receiver of Muskingum, and that all questions of appropriation and priority must be settled in the court to which he renders his account."

Even conceding, therefore, that there may have been a suit filed in the Marion county court prior to the filing of the suit in this court, yet this court obtained possession of the property through its receiver first, and, under the operation of this rule, no other court of concurrent jurisdiction has a right to undertake to seize the property in the custody of this court; and the

acts of the agents of the defendant company, in securing the appointment of a receiver by the Marion county court in an effort to draw into that court the jurisdiction over the property and wrest its control from this court, are a direct contempt of the authority of this court.

This is the first time I have been called upon to consider the question at issue between the Marion county court and this court and which it seems has reached a stage of considerable bitterness. It is a matter of regret to me that such a controversy has been precipitated and it is with the utmost regret that I am compelled to announce the conclusion I do, but which seems to be the only conclusion possible upon the questions raised by this demurrer.

As I have already said, this court disavows any purpose or intention of doing anything which would in the slightest degree interfere with the jurisdiction of the Marion county court in any case pending in that court. That court has the same jurisdiction as this to determine its own jurisdiction and right to proceed and adjudicate between the parties to any action pending before it, and any attempt upon the part of this court to interfere with it in the exercise of its jurisdiction would be a gross usurpation of power not conferred upon this court. On the other hand, this court can not and will not permit that, or any other court, not possessing supervisory control over it, to undertake to interfere with its possession and control over this property, which it has long possessed.

For the reasons stated, I am convinced that, admitting the facts stated in the complaint to be true, the defendant Williams is guilty of a contempt of this court, and the demurrer must be overruled.